IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Altony Brooks, *a/k/a Anthony Brooks*, <br><br> Plaintiff, <br><br> v. <br><br> South Carolina Department of Corrections, Captain Christopher Williams, Captain Duffy, Lt. Church, Ofc. Rivera, Nurse Amy Enlue, Major Early, Sgt. Tuchor, Lt. Root, Ofc. Mitchum, South Carolina Budget and Control Board, <br><br> Defendants. | Civil Action No. 9:19-1240-BHH <br><br> **ORDER** |

This matter is before the Court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Bristow Marchant, which was made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 for the District of South Carolina. On June 13, 2019, the Magistrate Judge issued a Report recommending that this case be dismissed without prejudice and without issuance and service of process for lack of jurisdiction. (ECF No. 10.) In his Report, the Magistrate Judge explained that Plaintiff cannot, through filing this lawsuit, effectively seek review of judgments entered in a separate state court case because this Court does not hear "appeals" from state court actions. *See Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). In addition, the Magistrate Judge explained that the *Rooker-Feldman* doctrine precludes this Court from considering Plaintiff's claims. *See* 28 U.S.C. § 1257(a); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of his right to file specific, written objections to the Report within fourteen days of receiving a copy. The copy of the Report that was mailed to Plaintiff on June 13, 2019, was returned as undeliverable on June 27, 2019, but the Court received a notice of change of address from Plaintiff on June 27, 2019, and re-mailed a copy of the Report to him on June 28, 2019. To date, no objections have been filed, and the time for filing them has expired.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that this action is subject to dismissal.

Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF

No. 10), and the Court hereby dismisses this action without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

July 18, 2019
Charleston, South Carolina

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.